2001 OK JUD ETH 6.

## JUDICIAL ETHICS OPINION 2001–6.

Oklahoma Judicial Ethics Advisory Panel.

March 30, 2001.

¶ 0 QUESTION 1: Should a judge prohibit a member of the judge's staff from soliciting or offering to sell goods for charitable or religious purposes (e.g., Girl Scout cookies for staff member's daughter) during office hours at the staff member's desk?

¶ 1 WE ANSWER: YES.

¶ 2 Canon 2: **"A Judge Should Avoid Impropriety and the Appearance of Impropriety in all of the Judge's Activities"**

¶ 3 Canon 2B: "... A judge should not lend the prestige of judicial office to advance the private interests of the judge or others...."

¶ 4 Canon 3C(1): "A judge should diligently discharge the judge's managerial responsibilities...."

¶ 5 Canon 3C(2): "A judge should require staff ... and others subject to the judge's direction and control to observe the standards of fidelity and diligence that apply to the judge...."

¶ 6 Canon 4C(3)(b): "A judge .... (IV) should not use or permit the use of the prestige of the judicial office for fund raising or membership solicitation."

¶ 7 As we stated in J.E.A.P. Opinion *2001–4*, the Canons do not apply to the staff of a judge, but the judge has managerial duties and must require the staff to comply with certain ethical standards. The purpose of these Canons is to avoid misuse of the judge's office and to prevent the appearance of impropriety. Attorneys having business before the Court and litigants may be intimidated by solicitation by the judge's staff, or may expect advantages in future litigation by acts of generosity to staff members. Reasonable observers of such conduct could assume the solicitation was endorsed or encouraged by the judge and create a public perception that the judge was using the power and prestige of the office to induce contributions.

¶ 8 On the other hand, judges are expected to use some common sense and in the sale of Girl Scout cookies, for example, or items of comparable value, a judge might very well apply the Latin maxim: *"De minimis non curat lex."*

¶ 9 Robert L. Bailey, Chairman

Robert A. Layden, Vice–Chairman

Milton C. Craig, Secretary